UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X
SHAWANA HARRISON and
MARGUERITE ANDERSON,

                Plaintiffs,

    -against-

THE CITY OF NEW YORK, BRIAN WOOD,
and JOHN/JANE DOES 1-5

                Defendants.
---------------------------------------X

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ SEP 0 7 2010 ★
BROOKLYN OFFICE

GERSHON, J
CARTER, M.J.

COMPLAINT

CV 10 - 4085

**PLAINTIFFS DEMAND
A TRIAL BY JURY**

        Plaintiff Shawana Harrison and Marguerite Anderson, by their attorneys, Reibman & Weiner, as and for their Complaint, hereby allege as follows, upon information and belief:

### PARTIES, VENUE and JURISDICTION

        1.     At all times hereinafter mentioned plaintiff Shawana Harrison was an adult female resident of Kings County in the State of New York.

        2.     At all times hereinafter mentioned plaintiff Marguerite Anderson is the mother of Shawana Harrison and an adult female resident of the State of Georgia.

        3.     At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

        4.     At all times hereinafter mentioned, defendant Brian Wood, Tax Registry No.: 918491, was a member of the NYPD, and was employed, retained, trained and supervised by New York City. Wood is sued herein in his official and individual capacities.

5. At all times hereinafter mentioned, defendants John and Jane Does 1 through 5 (the "Doe defendants"), were male and female members of the NYPD whose identities are presently unknown to plaintiff, and were employed, retained, trained and supervised by New York City. The Doe defendants are sued herein in their official and individual capacities.

6. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

7. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in the Eastern District of New York, which is the district where plaintiff resides and where the majority of the events complained of herein occurred.

## RELEVANT FACTS

8. On September 26, 2008, at or about 2:00 p.m., plaintiffs were lawfully present inside Ms. Harrison's apartment, located at 435 Alabama Avenue, in Kings County, New York (the "premises"), where Ms. Harrison has resided for a number of years, with her children, who were then five and three years of age.

9. At this time the defendants, and other members of the NYPD, kicked in the door to the premises and stormed the apartment with their guns drawn.

10. Both plaintiffs were seized and handcuffed. The defendants then searched the premises and questioned Ms. Harrison while threatening to have her children taken from her.

11. The defendants' behavior and statements caused plaintiffs to suffer great fear and alarm, particularly that her children would be seized by the Administration for

2

Children's Services.

12. The defendants were not invited into the premises nor was their entry consented to by any of the plaintiffs, or any other individual authorized to so consent.

13. There were no exigent circumstances present that would permit defendants to enter the premises absent a warrant or invitation.

14. The defendants did not display a warrant to justify their entry into the premises. If indeed a warrant had issued, it would have been procured on false or otherwise misleading information.

15. Plaintiff, who has never been arrested and has no criminal history or background, never engaged in any criminal activity in the premises, nor permitted any criminal activity to take place in the premises or had any reason to believe that criminal activity had occurred in the premises.

16. Both plaintiffs were eventually transported to the 75 Precinct station house, where they were held for more than six hours. While at the station house both plaintiffs were subjected to a strip search.

17. Eventually, defendant Wood gave both plaintiffs Desk Appearance Tickets ("DATs") which charged the plaintiffs with violating New York Penal Law 220.03, which is an A misdemeanor narcotics charge.

18. At no time did defendants have probable cause to arrest plaintiffs, nor was it reasonable for the defendants to believe that such cause existed. Any factual allegations by Wood, or any other member of the NYPD, to the effect that either plaintiff was guilty of narcotics' possession would be materially false.

3

19. Plaintiffs subsequently appeared in Kings County Criminal Court, as compelled by the DATs issued by Wood. At that time they were informed that their cases were "not ready" and that they would be notified if their presence in Court was required.

20. Plaintiffs were never required to appear in Court and the DATs dismissed by the Court, resulting in a termination favorable to the plaintiffs.

21. At all times relevant herein, the defendants was acting within the scope of their employment with the NYPD, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

**FIRST CAUSE OF ACTION**

22. Plaintiffs repeat the allegations contained in paragraphs "1" through "21" above as though stated fully herein.

23. Defendants willfully and intentionally seized, arrested, imprisoned, strip searched and maliciously prosecuted plaintiffs without probable cause, and without a reasonable basis to believe such cause existed

24. Defendants willfully and intentionally entered and searched plaintiff Harrison's premises without a warrant, invitation, or exigent circumstances, and without a reasonable basis to believe that such entry was lawful. To the extent that a warrant may have issued, it was predicated on information that the Doe defendants knew to be false or stale, or otherwise obtained from the issuing Court through the presentation of false or misleading information or the withholding of material and/or exculpatory information.

25. .Defendants willfully and intentionally subjected plaintiff to excessive

4

force by employing more force than reasonably necessary under the circumstances, and without a reasonable basis to believe that the use of such force was appropriate, reasonable, lawful or necessary.

26. By so doing, the Doe defendants subjected the plaintiffs to false arrest and imprisonment, malicious prosecution, excessive force, unlawful searches of person and property, and the denial of the right to due process, and thereby violated and aided and abetted in the violation of plaintiffs' rights under the Fourth and Fourteenth Amendments of the United States Constitution.

27. By reason thereof, the Doe defendants have violated 42 U.S.C. §1983 and caused plaintiffs to suffer emotional and physical injuries, mental anguish, deprivation of liberty, and the loss of their constitutional rights.

## SECOND CAUSE OF ACTION

28. Plaintiff repeats the allegations contained in paragraphs "1" through "27" above as though stated fully herein.

29. Defendant City of New York were responsible for ensuring that reasonable and appropriate levels of supervision were in place within the NYPD.

30. Upon information and belief, defendant knew that there was inadequate supervision within the NYPD prior to plaintiff's arrest with respect to its members' abuse of their authority, use of excessive force and abuse of arrest powers. Despite the prior notice of inadequate supervision, defendant took no steps to ensure that reasonable and appropriate levels of supervision were in place in order to reasonably provide that NYPD employees, and their

5

agents, engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

31. Despite such notice, defendant City of New York deliberately and intentionally chose not to take action to correct both the chronic, systemic and institutional misuse and abuse of authority by its employees and agents, or the acts of omission and commission designed to cover up said bad acts, or the specific prior actions of the individual defendants as previously complained of by the plaintiffs, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice and custom of utilizing illegal and impermissible arrests, detentions, and uses of force in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, up to and beyond the plaintiff's arrest.

32. Defendant was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

33. By reason thereof, defendant have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, deprivation of liberty, and the loss of her constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demand judgment against defendants jointly and severally as follows:

i. on the first cause of action actual and punitive damages in an amount to be determined at trial;

ii. on the second cause of action actual and punitive damages in an amount to be determined at trial;

iii. statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of this action; and

iv. such other relief as the Court deems just and proper.

Dated: Brooklyn, New York
September 2, 2010

REIBMAN & WEINER

By: _____
Michael B. Lumer (ML-1947)
Attorneys for Plaintiff
26 Court Street, Suite 1808
Brooklyn, New York 11242
(718) 522-1743

7